IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHONSO VERNELL FRAZIER II,<br><br>Plaintiff,<br><br>vs.<br><br>PETER C. JESSEN, Suit of Public and Private Capacity; and JENNIFER SIMMS, Suit of Public and Private Capacity,<br><br>Defendants. | 8:20CV519<br><br>**MEMORANDUM AND ORDER** |

Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. (Filing 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

## I. SUMMARY OF COMPLAINT

Plaintiff purports to assert claims[1] under 42 U.S.C. § 1983[2] against his ex-wife and his ex-wife's employer and alleged lover for conspiring with public officers and

---

[1] Plaintiff's claims are labeled as "violations" (defamation, conspiracy, fraud, false reporting, deprivation, libel slander, harassment, intentional inflection, emotional distress, hate crime) and "grounds" (invasion of privacy, hate crimes, intentional infliction of emotional duress and distress, defamation, libel slander, conspiracy, deprivation of rights under color of law). (Filing 1 at CM/ECF pp. 6-7.)

[2] Plaintiff also cites 42 U.S.C. §§ 1985 and 1986 as bases for relief, but his allegations fail to show the existence of the necessary class-based "invidiously

state officials to file false police reports, thereby portraying Plaintiff "in the false light."[3] (Filing 1 at CM/ECF p. 2.) As a result of this "saga of false reports," Plaintiff claims he was imprisoned for 133 days; was the victim of an illegal search, seizure, and arrest; and suffered the loss of his home, which was sold as part of Plaintiff's and Defendant Simms' divorce. Attached[4] to Plaintiff's notarized Complaint are Douglas County court orders and Omaha Police Department reports demonstrating Defendants' criminal complaints against Plaintiff for making terroristic threats, harassment, threatening to use explosives and a knife, stalking, committing arson and burglary of Defendants' place of business, and child abuse.

## II. STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also*

---

discriminatory animus." *See Larson ex rel. Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996) (en banc) (discussing 42 U.S.C. § 1985); *Brandon v. Lotter*, 157 F.3d 537, 539 (8th Cir. 1998) (to maintain 42 U.S.C. § 1986 action, defendant must have actual knowledge of § 1985 conspiracy).

[3] This action is a partial revival of Case No. 8:18CV539, which Plaintiff filed on November 15, 2018, and which was dismissed without prejudice on April 23, 2019, for lack of prosecution. Other parts of that dismissed case have also been revived in another action filed on December 22, 2020, Case No. 8:20CV520.

[4] Fed. R. Civ. P. 10(c) (Westlaw 2021) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

**A. Section 1983 Claims**

Plaintiff sues two private parties. Only state actors may be held liable under section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "A private party may be deemed a state actor for purposes of section 1983 liability when he acts under cover of state law and performs a function 'traditionally exclusively reserved to the state.'" *Reasonover v. St. Louis Cty., Mo.*, 447 F.3d 569, 584 (8th Cir. 2006) (quoting *Jackson v. Metro. Edison Co.,* 419 U.S. 345, 352 (1974)); *see also Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982) (party is subject to suit under 42 U.S.C. § 1983 if "the conduct allegedly causing the deprivation of a federal right [can] be fairly attributable to the State"); *Wickersham v. City of Columbia*, 481 F.3d 591, 597 (8th Cir. 2007) (private party may be characterized as state actor for purposes of § 1983 when "the state has delegated to a private party a power traditionally exclusively reserved to the State," "where a private actor is a willful participant in joint activity with the State or its agents," and "where there is pervasive entwinement between the private entity and the state," with the ultimate conclusion turning on the particular facts of the case (internal quotation marks and citations omitted)).

3

Here, Plaintiff has alleged no facts suggesting that Defendants' reporting to police activities of Plaintiff that Defendants believed were unlawful and threatening were activities delegated to the Defendants by the state; were activities traditionally exclusively reserved to the state; or were a "pervasive entwinement" between Defendants and the State of Nebraska. To the contrary, reporting a perceived crime to police does not make one a state actor for purposes of 42 U.S.C. § 1983. *See Wickersham*, 481 F.3d at 598 ("[T]he mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor."); *Steele v. City of Bemidji,* 257 F.3d 902, 906 (8th Cir. 2001) ("[w]e reject Steele's argument that the mall is a state actor insofar as it reported Steele's activities to the police"); *Walker v. Ware*, No. 5:19-CV-05189, 2021 WL 256810, at *2 (W.D. Ark. Jan. 25, 2021) ("A private individual or entity who reports a crime, provides information to the police, responds to questions by the police, and is a potential witness for the prosecution does not act under color of law."; "the mere invocation of state legal procedures," such as reporting a shoplifting, "does not constitute state action"); *Carter v. Davis*, No. 7:19CV5011, 2020 WL 1848254, at *6 (D. Neb. Apr. 13, 2020) ("All Plaintiff alleges is Stamm filed a false police report and continued to harass him in furtherance of a conspiracy with other Defendants. These allegations at best describe a private action for defamation but do not provide a clear set of facts establishing that a constitutionally protected federal right was present and therefore violated.")

Because Plaintiff's Complaint lacks any allegations that the Defendants were acting under color of state law for purposes of section 1983, Plaintiff's section 1983 claims must be dismissed for failure to state a claim upon which relief can be granted. Because Plaintiff has already filed three complaints[5] describing the same factual scenario, I shall not grant Plaintiff leave to file an amended complaint, as such amendment would be futile.

---

[5] *See* Case No. 8:18CV539 (Filings 1 & 7) and Filing 1 in the case now before the court. *See also* Filing 1 in Case No. 8:20CV520.

**B. State-Law Claims**

Because Plaintiff's Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983, the court need not discuss whether a plausible claim for relief is stated under Nebraska law. Without a viable federal question to decide, the court will not exercise its supplemental jurisdiction in this case. *See* 28 U.S.C. § 1367(c)(3) (providing that when a district court has disposed of all federal claims that conferred original jurisdiction under 28 U.S.C. § 1331, it may decline to exercise supplemental jurisdiction over remaining state law claims). Usually, the dismissal of the federal claims "will point toward declining to exercise jurisdiction over the remaining state-law claims," *Wilson v. Miller*, 821 F.3d 963, 971 (8th Cir. 2016) (internal quotation marks and citation omitted), and the court finds no reason to make an exception here. Accordingly,

IT IS ORDERED:

1. This case is dismissed for failure to state a claim upon which relief can be granted without prejudice to raising Plaintiff's state-law claims in state court; and

2. Judgment will be entered by separate document.

DATED this 2nd day of April, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge

5